UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LESLIE RICE,<br><br>                             Plaintiff(s),<br><br>     v.<br><br>CLARK COUNTY SCHOOL DISTRICT,<br><br>                             Defendant(s). | Case No. 2:16-CV-1709 JCM (PAL)<br><br>ORDER |

Presently before the court is defendant Clark County School District's ("CCSD") motion to dismiss. (ECF No. 7). Plaintiff Leslie Rice filed a response (ECF No. 12), to which CCSD replied (ECF No. 15).

**I.     Facts**

Plaintiff was employed as a school bus driver for CCSD. (ECF No. 1). In March 2012, plaintiff drove a bus that was involved in an accident resulting in a child fatality, for which CCSD later determined he was not at fault. (ECF No. 1 at 4).

Years later, on June 30, 2015, plaintiff was deposed in a civil case regarding the accident. (ECF No. 1 at 4). Thereafter, Shannon Evans, CCSD's director, told plaintiff that he (plaintiff) needed a workplace accommodation. (ECF No. 1 at 4). On August 21, 2015, Cedric Cole, CCSD's executive manager of diversity and affirmative action programs and ADA coordinator, determined that plaintiff was capable of performing all essential functions of a school bus driver without any accommodation. (ECF No. 1 at 4).

Subsequently, during a meeting on August 31, 2015, CCSD notified plaintiff that he needed to undergo a psychological evaluation scheduled for later that day, which plaintiff failed to attend. (ECF No. 1 at 4–5). On October 2, 2015, CCSD's psychiatrist, Dr. Brown, diagnosed plaintiff

**James C. Mahan**
**U.S. District Judge**

1   with posttraumatic stress disorder and major depressive disorder and concluded that these symptoms prevented him from performing the essential tasks of a bus driver.  (ECF No. 1 at 5).

Thereafter, CCSD decided to transfer plaintiff to a position outside of the transportation department, providing him with options for other positions.  (ECF No. 1 at 5).  On October 27, 2015, Kim Radich, CCSD's director of employee-management relations, provided plaintiff with a list of current positions open, as well as a list of positions for which plaintiff was qualified.  (ECF No. 1 at 6).

Plaintiff received his last paycheck in January 2016.  (ECF No. 1 at 8).  By April 2016, plaintiff had exhausted all of his available leave, including FMLA, sick days, and vacation days.  (ECF No. 1 at 8).  On April 6, 2016, CCSD approved plaintiff for retirement.  (ECF No. 1 at 8).

Plaintiff alleges that CCSD tried to demote him to janitor on December 7, 2015.  (ECF No. 1 at 7).  Plaintiff alleges that he expressed interests in several positions, but CCSD never followed up with him regarding those positions.  (ECF No. 1 at 6–7).  According to plaintiff, the only position CCSD offered him was a position as janitor, which meant a $5.00 per hour pay cut from his pay as a school bus driver.  (ECF No. 1 at 7).  Plaintiff alleges that CCSD essentially forced him into retirement as his options were either to take a pay cut or to resign.  (ECF No. 1 at 8).

On July 19, 2016, plaintiff filed a complaint against CCSD alleging fourteen causes of action: (1) failure to accommodate under the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA"); (2) failure to accommodate under NRS 613.330; (3) constructive termination under the ADA; (4) constructive termination under NRS 613.330; (5) retaliation under the ADA; (6) retaliation under NRS 613.330; (7) failure to accommodate under the Rehabilitation Act of 1973, 29 U.S.C. § 701, *eq seq.* ("RHA"); (8) failure to accommodate under NRS 613.330; (9) constructive termination under the RHA; (10) constructive termination under NRS 613.330; (11) retaliation under the RHA; (12) retaliation under NRS 613.330; (13) interference under the Family and Medical Leave Act, 29 U.S.C. § 2612, *et seq.* ("FMLA"); and (14) due process violations under 42 U.S.C. § 1983.  (ECF No. 1).

In the instant motion, CCSD moves to dismiss claims 7 through 14 of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 7).

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that

**James C. Mahan**
**U.S. District Judge**

are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

**III.    Discussion**

    **A.  The Rehabilitation Act ("RHA")** (claims 7, 9, & 11)

In the instant motion, CCSD argues that dismissal of plaintiff's RHA claims is proper because he was not a federal employee as required to file a claim under the RHA. (ECF No. 7 at 5).

The court agrees. Section 501 of the RHA prohibits disability discrimination by the federal government against federal employees. *See* 29 U.S.C. § 791; *see also Lopez v. Johnson*, 333 F.3d 959, 961 (9th Cir. 2003) (holding that plaintiff must be a federal employee to state a claim under § 501). School bus drivers employed by the Clark County School District are not federal employees, and plaintiff's complaint does not allege otherwise.

Accordingly, the court will grant CCSD's motion to dismiss as to plaintiff's RHA claims—specifically, claims 7, 9, and 11 of plaintiff's complaint.

    **B.  NRS 613.330** (claims 8, 10, & 12)

CCSD contends that claims 8, 10, and 12 should be dismissed because they are redundant of claims 2, 4, and 6, respectively. (ECF No. 7 at 5). In particular, CCSD asserts that claims 2 and 8 are both failure to accommodate claims under NRS 613.330, claims 4 and 10 are both constructive termination claims under NRS 613.330, and claims 6 and 12 are both retaliation claims under NRS 613.330. (ECF No. 7 at 5–6).

The court agrees. Claims 8, 10, and 12 restate the same claims as claims 2, 4, and 6, respectively—except that claims 8, 10, and 12 each contain two paragraphs, one paragraph incorporating the allegations in the previous paragraphs and the other stating that the allegations set forth in claims 7, 9, and 11 also constitute violations of NRS 613.330.

Accordingly, the court will grant CCSD's motion to dismiss as to claims 8, 10, and 12 of plaintiff's complaint.

James C. Mahan
U.S. District Judge

- 4 -

**C. Family and Medical Leave Act ("FMLA")** (claim 13)

Plaintiff's complaint alleges that "CCSD interfered with [p]laintiff's use of FMLA leave" by forcing him to take FMLA leave. (ECF No. 1 at 17). Plaintiff further alleges that he was eligible and entitled to FMLA leave and that CCSD was an employer covered by FMLA. (ECF No. 1 at 17).

FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" under the Act. 29 U.S.C. § 2615(a)(1). FMLA prohibits employers from using the taking of FMLA leave as a negative factor in employment actions. *See Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1122 (9th Cir. 2001) (citing 29 U.S.C. §§ 2612(a), 2614(a)). FMLA creates two interrelated, substantive employee rights: (1) the right to use a certain amount of leave for protected reasons; and (2) the right to return to his or her job or an equivalent job after using protected leave. *See id.*

To state a claim for FMLA interference, an employee must establish five elements: (1) he was eligible for FMLA's protections; (2) his employer was covered by FMLA; (3) he was entitled to leave under FMLA; (4) he provided sufficient notice of his intent to take leave; and (5) his employer denied him FMLA benefits to which he was entitled." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014).

While plaintiff sufficiently alleges elements (1) through (4), he fails to sufficiently allege element (5)—that CCSD denied him FMLA benefits to which he was entitled. In fact, the complaint appears to allege that the contrary occurred. Specifically, the complaint states that "[p]laintiff exhausted his intermittent FMLA." (ECF No. 1 at 8).

Accordingly, the court will grant CCSD's motion to dismiss as to plaintiff's FMLA claim.

**D. 42 U.S.C. § 1983** (claim 14)

Plaintiff's complaint alleges that CCSD violated his procedural and substantive due process rights by terminating him and demoting him to janitor without adequate notice or reason. (ECF No. 1 at 17

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To state a

James C. Mahan
U.S. District Judge

- 5 -

1   claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the
2   Constitution or laws of the United States was violated, and (2) that the alleged violation was
3   committed by a person acting under the color of State law." *Long v. Cnty. of L.A.,* 442 F.3d 1178,
4   1185 (9th Cir. 2006).

5   "The Fourteenth Amendment provides that no State shall 'deprive any person of life,
6   liberty or property, without due process of law.'" *Lavan v. City of Los Angeles*, 693 F.3d 1022,
7   1031 (9th Cir. 2012) (quoting U.S. Const. Amend. XIV, § 1).  The Due Process Clause protects
8   individual liberty against "certain government actions regardless of the fairness of the procedures
9   used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986).

10  To state a § 1983 procedural due process claim, a plaintiff must allege two elements: (1)
11  defendant deprived him of a property interest; and (2) defendant did so without due process of law.
12  *Huskey v. City of San Jose*, 204 F.3d 893, 900 (9th Cir. 2000).  We analyze a procedural due
13  process claim in two steps.  "[T]he first asks whether there exists a liberty or property interest
14  which has been interfered with by the State; the second examines whether the procedures attendant
15  upon that deprivation were constitutionally sufficient." *United States v. Juvenile Male*, 670 F.3d
16  999, 1013 (9th Cir. 2012) (internal quotation marks and citations omitted).

17  In the instant motion, CCSD argues that plaintiff's decision to quit rather than to take an
18  alternative position cannot be twisted into a civil rights claim and that his underlying theory of
19  constructive discharge is not viable under § 1983.  (ECF No. 7 at 8).  In particular, CCSD contends
20  plaintiff admitted that he could no longer be a bus driver and that the parties met to discuss finding
21  him an alternative position.  (ECF No. 7 at 8).

22  CCSD's arguments, however, are premised upon factual disputes, which, on a motion to
23  dismiss, the court does not resolve.  Plaintiff has alleged that he had a constitutionally protected
24  property interest in his continued employment.  (ECF No. 1 at 17).  Plaintiff's complaint further
25  alleged that "CCSD forced [him] into retirement, constructively ending [his] employment[,]" by
26  limiting his options to either taking the janitor position or resigning.  (ECF No. 1 at 8).  Thus,
27  plaintiff has alleged sufficient facts to withstand a motion to dismiss as to this claim.
28

**James C. Mahan**
**U.S. District Judge**

- 6 -

In light of the foregoing, the court will deny CCSD's motion to dismiss as to plaintiff's § 1983 claim.

### IV. Conclusion

In sum, the court will grant CCSD's motion to dismiss as to claims 7 through 13 of plaintiff's complaint, but deny its motion to dismiss as to claim 14.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that CCSD's motion to dismiss (ECF No. 7) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

DATED December 28, 2016.

_____
UNITED STATES DISTRICT JUDGE