UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LESLIE RICE,<br><br>               Plaintiff,<br>    v.<br>CLARK COUNTY SCHOOL DISTRICT,<br><br>               Defendant. | Case No. 2:16-cv-01709-JCM-PAL<br><br>**ORDER** |

On February 8, 2017, the court granted Defendant Clark County School District's Motion for an Order to Show Cause (ECF No. 23) and Emergency Motion for Order to Show Cause Why This Matter Should Not Be Dismissed for Plaintiff's Failure to Attend Deposition a Second Time (ECF No. 24) to the extent that the court issued an Order to Show Cause (ECF No. 25) requiring Mr. Rice to show cause, in writing, by February 21, 2017, why sanctions should not be imposed for his failure to: (a) appear for multiple depositions, and (b) obtain substitute counsel, or file a notice that he would be appearing in this matter pro se. The court noted that it would address any request for an adjustment of the discovery plan and scheduling order deadlines at a show cause hearing. Mr. Rice filed a Letter (ECF No. 26) in response to the Order to Show Cause on February 16, 2017.

On March 2, 2017, the court held the show cause hearing. Mr. Rice appeared without counsel, and Scott Greenberg appeared for Defendant Clark County School District ("CCSD"). Mr. Rice indicated that he had called many lawyers attempting to find substitute counsel to no avail. The day before the hearing he spoke with attorney JP Kemp's office who told him to call after the hearing; however, Mr. Kemp's office made it clear that he would not necessarily accept the case. The court advised Mr. Rice that he did not have a constitutional right to counsel in a civil case and that if he was unable to retain substitute counsel he would be responsible for representing

himself. The court also advised him that he must comply with his discovery obligations and comply with applicable rules and laws in prosecuting his case. The court inquired whether Mr. Rice intended to conduct any additional formal discovery, and he stated he had what he needed. He assured the court that he would appear for his deposition. The court advised him that failure to appear for a duly noticed deposition could result in the imposition of sanctions up to and including case ending sanctions.

The court has considered the Motions, Rice's Letter (ECF No. 26), and the arguments of Rice and counsel at the hearing. The court is satisfied that Mr. Rice did not intentionally violate the court's order, and failed to appear at two duly noticed depositions because he had not been able to find substitute counsel. The court will give Mr. Rice a **final** two weeks to attempt to retain substitute counsel, and require Mr. Rice to appear for deposition whether or not he has retained counsel.

**IT IS ORDERED** that:

1. Plaintiff Leslie Rice shall have until **March 17, 2017**, to obtain substitute counsel who shall make an appearance in compliance with the Local Rule of Practice.
2. If Rice has been unable to retain counsel, he will be appearing in this matter pro se, that is, representing himself.
3. The parties shall meet and confer to set a mutually agreeable date for Plaintiff's deposition which shall be taken no later than **April 17, 2017**.
4. The parties shall have until **June 2, 2017**, to file dispositive motions. In the event dispositive motions are timely filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.

DATED this 2nd day of March, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE