UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LESLIE RICE, | Case No. 2:16-CV-1709 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| CLARK COUNTY SCHOOL DISTRICT, | |
| Defendant(s). | |

Presently before the court is plaintiff Leslie Rice's ("plaintiff") motion to file an amended complaint. (ECF No. 32). Defendant Clark County School District ("CCSD") filed a response (ECF No. 50), to which plaintiff replied (ECF No. 56).

Also before the court is CCSD's motion for summary judgment. (ECF No. 49). Plaintiff Leslie Rice filed a response (ECF No. 59), to which CCSD replied (ECF No. 62).

**I.     Facts**

Plaintiff was employed as a school bus driver for CCSD. (ECF No. 1). In March 2012, plaintiff drove a bus that was involved in an accident resulting in a child fatality, for which CCSD later determined he was not at fault. (ECF No. 1 at 4).

Years later, on June 30, 2015, plaintiff was deposed in a civil case regarding the accident. (ECF No. 1 at 4). Thereafter, Shannon Evans, CCSD's director, told plaintiff that he (plaintiff) needed a workplace accommodation. (ECF No. 1 at 4). On August 21, 2015, Cedric Cole, CCSD's executive manager of diversity and affirmative action programs and ADA coordinator, determined that plaintiff was capable of performing all essential functions of a school bus driver without any accommodation. (ECF No. 1 at 4).

Subsequently, during a meeting on August 31, 2015, CCSD notified plaintiff that he needed to undergo a psychological evaluation scheduled for later that day, which plaintiff failed to attend. (ECF No. 1 at 4–5). On October 2, 2015, CCSD's psychiatrist, Dr. Brown, diagnosed plaintiff with posttraumatic stress disorder and major depressive disorder and concluded that these symptoms prevented him from performing the essential tasks of a bus driver. (ECF No. 1 at 5).

Thereafter, CCSD decided to transfer plaintiff to a position outside of the transportation department, providing him with options for other positions. (ECF No. 1 at 5). On October 27, 2015, Kim Radich, CCSD's director of employee-management relations, provided plaintiff with a list of current positions open, as well as a list of positions for which plaintiff was qualified. (ECF No. 1 at 6).

Plaintiff received his last paycheck in January 2016. (ECF No. 1 at 8). By April 2016, plaintiff had exhausted all of his available leave, including FMLA, sick days, and vacation days. (ECF No. 1 at 8). On April 6, 2016, CCSD approved plaintiff for retirement. (ECF No. 1 at 8).

Plaintiff alleges that CCSD tried to demote him to janitor on December 7, 2015. (ECF No. 1 at 7). Plaintiff alleges that he expressed interest in several positions, but CCSD never followed up with him regarding those positions. (ECF No. 1 at 6–7). According to plaintiff, the only position CCSD offered him was a position as janitor, which meant a $5.00 per hour pay cut from his pay as a school bus driver. (ECF No. 1 at 7). Plaintiff alleges that CCSD essentially forced him into retirement, as his options were either to take a pay cut or to resign. (ECF No. 1 at 8).

On July 19, 2016, plaintiff filed a complaint against CCSD alleging fourteen causes of action. (ECF No. 1).

CCSD moved to dismiss claims 7 through 14 of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7). The court granted the motion in part and dismissed claims 7 through 13, and denied the motion in part regarding claim 14. (ECF No. 21).

Plaintiff now moves to amend the complaint. (ECF No. 32). CCSD moves for summary judgment. (ECF No. 49).

. . .

. . .

## II. Discussion

In the instant motion, plaintiff asserts that leave to file an amended complaint should be granted so that plaintiff may include additional claims related to the most recent acts of discrimination and to bring additional claims that were discovered through disclosures made by CCSD. (ECF No. 32). On April 6, 2017, plaintiff received a notice of right to sue from the EEOC in regards to a charge of discrimination filed after his original complaint was filed on July 19, 2016. *Id.* He had ninety (90) days from this date to file suit. *Id.* On May 16, 2017, plaintiff timely filed the instant motion to amend the original complaint. *Id.* Plaintiff argues that it would be a waste of judicial resources to require plaintiff to file an entirely separate law suit. *Id.* The court agrees.

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962).

Further, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Local Rule 15-1(a) states that "the moving party shall attach the proposed amended pleading to any motion seeking leave of the court to file an amended pleading." LR 15-1(a).

CCSD's response to plaintiff's motion argues that plaintiff should be held to a heightened standard, over and above that required by Rule 15(a). (ECF No. 50). CCSD argues plaintiff must establish both good cause and excusable neglect in order for the court to grant leave to amend his complaint pursuant to Rule 16(b). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

Under Rule 16(b), when a district court files a pretrial scheduling order, a party "must show good cause for not having amended their complaints before the time specified in the scheduling order expired." *Coleman*, 232 F.3d at 1294 (citing *Mammoth Recreations, Inc.*, 975 F.2d at 608—09).

The court finds plaintiff has shown good cause for the delay in seeking to amend his complaint. Plaintiff received the second notice of right to sue from the EEOC subsequent to the amended complaint cut-off date set by Magistrate Judge Leen on November 8, 2016. (ECF No. 13). Further, the court agrees with plaintiff that filing a separate suit in the alternative would not be in the best interests of judicial economy. Accordingly, the court will grant plaintiff's motion for leave to file an amended complaint. (ECF No. 32). Defendant's motion for summary judgment (ECF No. 49) seeking to dismiss plaintiff's original complaint is therefore moot.

**III.     Conclusion**

In sum, the court will grant plaintiff's motion to amend complaint (ECF No. 32) and deny CCSD's motion for summary judgment as moot (ECF No. 49).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to amend complaint (ECF No. 32) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that CCSD's motion for summary judgment (ECF No. 49) be, and the same hereby is, DENIED as moot.

DATED March 26, 2018.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE